IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:25-cv-1715 |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. PELOQUIN, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**AMENDED COMPLAINT**

The United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. § 7401, brings this civil action to determine the dischargeability of certain tax debts under 11 U.S.C. § 727 and to reduce to judgment unpaid federal tax liabilities owed by Michael J. Peloquin *in personam* and *in rem*.  For its complaint, the United States alleges as follows:

**Jurisdiction, Parties, and Property**

1. The district court has jurisdiction pursuant to 26 U.S.C. § 7402(a), and 28 U.S.C. §§ 1331, 1340, and 1345.

2. The defendant Michael J. Peloquin resides in Litchfield, Connecticut, within the jurisdiction of this Court.

**Factual Allegations**

3. A delegate of the Secretary of the Treasury made assessments against Michael J. Peloquin for income taxes for the periods, on the dates, and in the amounts described below. These liabilities have balances due as of September 10, 2025, including assessed and accrued

late-filing and late-payment penalties under 26 U.S.C. § 6651 or penalties for failure to make estimated tax payments under 26 U.S.C. § 6654, costs, and statutory interest, and after applying any abatements, payments, and credits, as follows:

| Tax Period Ending | Assessment Date | Tax Assessed | Balance Due 09/10/2025 |
|---|---|---|---|
| 12/31/2009 | 05/04/2015 | $8,336.00 | $14,793.54 |
| 12/31/2010 | 05/04/2015 | $44,406.00 | $121,162.16 |
| 12/31/2011 | 05/04/2015 | $30,704.00 | $81,625.18 |
| 12/31/2012 | 05/04/2015 | $15,621.00 | $40,515.36 |
| 12/31/2013 | 03/23/2015 | $68,088.00 | $130,831.75 |
| 12/31/2014 | 03/14/2016 | $19,986.00 | $46,198.00 |
| 12/31/2015 | 05/09/2016 | $66,939.00 | $132,040.33 |
| 12/31/2018 | 11/11/2021 | $17,112.00 | $35,396.17 |
| **Total:** | | **$271,192.00** | **$602,562.49** |

4. Notice of the liabilities described in paragraph 3, above, was given to, and payment demanded from, Michael J. Peloquin.

5. Despite proper notice and demand, Michael J. Peloquin failed, neglected, or refused to fully pay the liabilities, and after the application of all abatements, payments, and credits, there is a balance due in the amount of $602,562.49, plus statutory additions accruing from and after September 10, 2025, including interest.

6. This action was timely commenced under 26 U.S.C. § 6502.

7. For the income tax years 2009 through 2013, the statute of limitations under 26 U.S.C. § 6502 on collection after assessment was extended under 26 U.S.C. §§ 6320(c) and 6330(e)(1), as a result of requests for a collection due process hearing under 26 U.S.C. §§ 6320 and 6330 made by Michael J. Peloquin, for the period during which hearings, and appeals thereon, were pending, but in no event did the period end before the 90th day after the day on which there was a final determination in such hearings.

8. On January 26, 2012, Michael J. Peloquin commenced a bankruptcy case in the United States Bankruptcy Court for the District of Arizona, Case Number 2:2012-bk-1539 (the "Bankruptcy Case"), and received a discharge under 11 U.S.C. § 727 on March 7, 2013.

9. Under 26 U.S.C. § 6503(h), the period of limitations under 26 U.S.C. § 6502 was suspended while the Secretary was prohibited from collecting an internal revenue tax while a taxpayer had a pending bankruptcy petition filed under Title 11 of the United States Code and, "for collection, 6 months thereafter."

### Count I: Suit to Determine the Dischargeability of Tax Debts

10. The United States incorporates by reference paragraphs 1–9, as if specifically realleged herein.

11. Michael J. Peloquin failed to timely file a federal tax return for the income tax years 2009 through 2011, and no tax returns were filed on or before the date that he commenced the Bankruptcy Case.

12. The taxes assessed against Michael J. Peloquin for the income tax years 2009 through 2011, along with the interest thereon, are excepted from discharge under 11 U.S.C. §§ 727(b) and 523(a)(1)(B) because either he failed to file a return or he filed a return late and after two years before the date the Bankruptcy Case was commenced.

13. The taxes assessed against Michael J. Peloquin for the income tax years 2009 through 2011, along with all penalties and interest, are excepted from discharge under 11 U.S.C. §§ 727(b), 523(a)(1)(A), 523(a)(7), and 507(a)(8)(A)(i) because the returns were due after three years before the date the Bankruptcy Case was commenced and the penalties were incurred after the same point in time.

14. The taxes assessed against Michael J. Peloquin, along with all penalties and

interest, for the income tax years 2012 through 2015, and 2018, are post-petition claims in the Bankruptcy Case and, therefore, those claims were not discharged under 11 U.S.C. § 727.

15. The discharge entered in the Bankruptcy Case does not discharge or release any federal tax liens associated with the claims of the United States described in paragraph 3, above.

### Count II: Suit to Reduce Debts to Judgment Against Peloquin *In Personam*

16. The United States incorporates by reference paragraphs 1–15, as if specifically realleged herein.

17. Despite his bankruptcy discharge, Michael J. Peloquin remains personally liable for all taxes, penalties, and interest for the income tax years 2009 through 2015, and 2018.

18. After the application of all abatements, payments, and credits, Michael J. Peloquin remains personally liable to the United States for his income tax years 2009 through 2015, and 2018 in the amount of $602,562.49, plus statutory additions accruing from and after September 10, 2025, including interest from that date.

### Count III: Suit to Reduce Debts to Judgment Against Peloquin *In Rem*

19. The United States incorporates by reference paragraphs 1–18, as if specifically realleged herein.

20. Because Michael J. Peloquin neglected, refused, or failed to pay the liabilities described in paragraph 3, above, after notice and demand, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322 on the dates of the tax assessments and attached to all property and rights to property belonging to him.

21. Notices of Federal Tax Lien ("NFTL") were filed in regard to the taxes assessed against Michael J. Peloquin with the Office of the County Recorder in Maricopa County, Arizona, the Office of the Clerk of Litchfield, Connecticut, and Office of the Secretary of State

of Connecticut, in accordance with 26 U.S.C. § 6323(f), Ariz. Rev. Stat. § 33-1032, and Conn. Gen. Stat. § 49-32a, for personal and real property belonging to him.

22. The United States seeks a determination of the validity and amount of tax liabilities described in paragraph 3, above, *in rem*, with respect to Michael J. Peloquin's property, because the tax liens pass through a Chapter 7 bankruptcy case undisturbed by operation of law and, in any event, the tax debts are nondischargeable.

23. After the application of all abatements, payments, and credits, Michael J. Peloquin remains liable *in rem* to the United States for his income tax years 2009 through 2015, and 2018 in the amount of $602,562.49, plus statutory additions accruing from and after September 10, 2025, including interest from that date.

## Prayer For Relief

WHEREFORE, the plaintiff United States of America requests the following relief:

A. A determination that all claims for taxes, penalties, and interest for defendant Michael J. Peloquin's income tax years 2009 through 2015, and 2018 were not discharged under 11 U.S.C. § 727;

B. Judgment *in personam* in favor of the plaintiff United States and against the defendant Michael J. Peloquin for income tax liabilities for the periods ending December 31, 2009, December 31, 2010, December 31, 2011, December 31, 2012, December 31, 2013, December 31, 2014, December 31, 2015, and December 31, 2018, in the amount of $602,562.49, plus statutory additions accruing from and after September 10, 2025, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

C. Judgment *in rem* in favor of the plaintiff United States and against the defendant Michael J. Peloquin determining that the United States has valid and subsisting federal tax liens

under 26 U.S.C. §§ 6321 and 6322 securing income tax liabilities for the periods ending December 31, 2009, December 31, 2010, December 31, 2011, December 31, 2012, December 31, 2013, December 31, 2014, December 31, 2015, and December 31, 2018, in the amount of $602,562.49, plus statutory additions accruing from and after September 10, 2025, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c); and,

D. Such other relief as appears just and proper, including costs.

UNITED STATES OF AMERICA,
Plaintiff

*/s/ Paige Brigham*
PAIGE M. BRIGHAM
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044-0055
202-307-6588 (v) / 202-514-5238 (f)
Paige.Brigham@usdoj.gov

Local Counsel:
David X. Sullivan
U.S. Attorney